## Case No. 14,552.

### UNITED STATES v. BEARSE.

[4 Mason, 192.] [1]

Circuit Court, D Massachusetts.   Oct. Term, 1826.

WORDS AND PHRASES—"MORE INTERIOR DISTRICT"—SHIPPING—PUBLIC REGULATIONS—ENTRY.

1. The words of the twenty-ninth section of the revenue act of 1799, c. 128 [1 Story's Laws, 598; 1 Stat. 648, c. 22]. "more interior district," mean a district more interior. within the common sense of the terms, that is, further within the indentations or inlets of the contiguous and adjacent country.

2. A vessel arriving in the district of Barnstable from Nova Scotia, and bound to New York, must make entry in Barnstable district,

[1] [Reported by William P. Mason, Esq.]

for New York is not. in the sense of the twenty-ninth section. "a more interior district," with reference to Barnstable.

[Error to the district court of the United States for the district of Massachusetts.]

Debt for a penalty of 400 dollars for a violation of the twenty-ninth section of the revenue collection act of 2d of March 1799, c. 128 [1 Story's Laws, 598; 1 Stat. 648, c. 22]. Plea, nil debet. On the trial in the district court, a verdict was found for the defendant [Isaac Bearse, Jr.], and a bill of exceptions was taken to the opinion of the district judge. delivered at the trial [case unreported], and the present writ of error was brought thereon. It appeared in evidence on the trial, that the Hope and Esther, being duly registered according to law, and under the command of the defendant, and being bound on a voyage from a foreign port (the port of Halifax) to the port of New York, and having on board a cargo consisting of plaister of Paris and potatoes, taken on board at Halifax, arrived at the harbor of Hyannis, within the limits of the collection district of Barnstable in the state of Massachusetts, and came to anchor in said harbor, within the limits of said collection district, and remained there for the space of fifteen or sixteen hours, no part of which time came within the office hours at the custom-house; that she then put to sea again, and proceeded on her way to the port of New York, from said port or district of Barnstable, without there having been made any report or entry of said vessel, by the defendant, with the collector of the port or district of Barnstable, or with the collector of any other district of the United States; that during the time that the said vessel was remaining at anchor in the harbor of Hyannis the said master went on shore at the town of Barnstable, to his dwelling-house, about a mile from the place where his vessel was lying, and about six miles from the custom-house. upon a visit to his family, who were then residing in said Barnstable, and left with his family seven or eight bushels of the potatoes, which were brought, as aforesaid, from the port of Halifax; that neither the said master, nor the person next in command of the said vessel, made it appear, by their oath, or by any other sufficient proof, to the satisfaction of the collector of the district of Barnstable, that the departure of said vessel was occasioned by distress of weather, pursuit, or duress of enemies, or any other necessity. Evidence was also produced, on the part of the defendant, to show, that the potatoes, left with the defendant's family, were a part of the ship's stores. And two witnesses, who had been masters of vessels, testified, that they had always supposed, that, in the case of a vessel's arriving from a foreign port within the limits of Barnstable district, and not remaining there for the space of twenty-four hours the law did not require an entry or report of any kind before her departure to any port to which she might have

been destined. The judge, upon the prayer of the defendant's counsel, charged the jury, that the several matters, proved on the part of the defendant, the said vessel not having remained twenty-four hours in said port of Hyannis, were, upon the whole case, sufficient to bar the said action. To this opinion of the judge the district attorney excepted.

Mr. Blake, U. S. Dist. Atty.
Mr. Bassett, for defendant in error.

STORY, Circuit Justice. The twenty-ninth section of the revenue collection act of 1799, c. 128 [1 Story's Laws, 598; 1 Stat. 648, c. 22], enacts, "that if any ship or vessel, which shall have arrived within the limits of any district of the United States, from any foreign port or place, shall depart, or attempt to depart from the same, unless to proceed on her way to some more interior district, to which she may be bound, before report or entry shall have been made by the master or other person having the charge or command of such ship or vessel, with the collector of some district of the United States, the said master, &c. shall forfeit and pay the sum of four hundred dollars." The defendant was master of the schooner Hope and Esther, bound on a voyage from Halifax in Nova Scotia to the port of New York, he voluntarily put into the harbour of Hyannis in the district of Barnstable, and, after remaining there fifteen hours, departed without any necessity. without making any report or entry with the collector of Barnstable district or of any other district. He is of course within the reach of the penalty, unless he was bound to a more interior district; and the question therefore is, whether New York is such a district in the sense of the act. The district judge decided it as a question of law, that New York was such an interior district, there being no doubt as to the other facts of the case, and the relative geographical position of the ports in both districts being well known and not controverted.

What then is the true exposition of the phrase. "more interior district," in the section under consideration? Does it mean any other district, to which the vessel may be bound, and through which she has not already passed in her voyage, although, geographically speaking, it is not more inland, or indeed is less inland, than the district at which she has arrived? If so, the exposition of the learned judge was right, for his opinion is understood to have turned upon the most general import which could be applied to the phrase. Or does the expression, "more interior district," apply only to those districts, which are, in a strict sense, deeper within the interior of the country, than the one, in which the vessel has arrived, and through which she must go. before she can reach the interior district? If this be the true meaning. it is agreed, that the opinion of the learned judge cannot be maintained.

for New York is not such a district with reference to Barnstable. There are many such districts within the United States, upon our long rivers and extended bays, such as Hudson's river, Delaware river, Penobscot Bay, Chesapeake Bay, &c. I confess, that, after much reflection, I have reluctantly come to the conclusion, that this last is the true sense of the terms; and that in this section the legislature intended, by "more interior district," a district, which, with reference to local and geographical position, and in common usage, is deemed interior to another, that is, further within the indentations or inlets of the contiguous or surrounding country, than that in which the vessel has already arrived, and through which she would or might ordinarily pass, in order to reach such inner district. I have not found the words used in any other section of the act; but in the close of the eighteenth section, the words, "interior port," occur in a sense exactly like that, which I feel constrained to apply to the section under examination.

The requisitions of the act may be hard and rigorous; but if they are so, the remedy lies with congress, and not with courts of law. My judgment is, that the judgment of the district court must be reversed. and a venire facias de novo awarded. Judgment accordingly.